DELAWARE UNDERWRITERS & WESTCHESTER FIRE INSURANCE COMPANY
v. C. R. BROCK.

No. 3289. Decided April 23, 1919.

1.—Insurance—Appraisement of Loss.

An insurer can not defeat recovery on a loss because of failure of insured to meet his demand for appraisement of the loss under the terms of the policy where he has himself defeated such action by insisting on naming as the appraiser he selects one not competent and disinterested, such as the policy required. (Pp. 428-430.)

2.—Same—Disinterested Appraiser.

A pecuniary interest in the result of his action is, it seems not necessary in order to disqualify one selected as appraiser of a loss by fire from meeting the requirements that he should be disinterested.   (Pp. 429, 430.)

3.—Same—Case Stated.

A policy of insurance on a building not a total loss, provided that, in the event of disagreement as to the amount of the loss, the same should be ascertained by two competent, disinterested appraisers, the insured and the insurer each soliciting one, and the two so chosen selecting a competent and disinterested umpire, the award of any two to determine the loss.  On demand, by insurer, of an appraisement, each party named one and each objected to the one named by the other.  The insured consented, but the insurer refused to name another and unobjectionable choice.  The jury found that neither of those named was disinterested.  Held, that the provision for appraisement of loss was defeated by the fault of the insurer and did not prevent a recovery of loss by the insured.  (Pp. 427-431.)

4.—Insurance—Amount of Loss—Interest.

An insurance policy provided that the amount of loss should not be payable until 60 days after notice, proof of loss, etc., had been received by the insurer.  It was upon real property which was, in case of a total loss, a valued policy by the statute (Rev. Stats., art. 5714).  There was no denial of liability by insurer such as to waive presentation of notice, proof of loss, etc.  Held, that the statute did not change the date of payment stipulated in the policy, and it was error to allow insured interest from the date of the loss, instead of from date for payment.  (P. 432.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Brock sued the Insurance Company on a fire insurance policy and recovered judgment.  The defendant appealed, and on affirmance obtained writ of error.

*John Sehorn,* for plaintiff in error.—There was no pleading raising the issue and no evidence to support the issue that Phelps was not a competent and disinterested appraiser.  W. U. T. Co. v. Smith, 88 Texas, 9; Moody v. Rowland, 100 Texas, 363; Railway Co. v. Poole, 104 Texas, 36; Hall v. Jackson, 3 Texas, 311: Paul v. Perez, 7 Texas, 345; Middlebrook v. Zapp, 73 Texas, 29.

The jury having found that Young, the man named by appellee as appraiser, was not competent and disinterested, and the undisputed evidence being that appellee refused to proceed with the appraisement unless Young acted for him, if Phelps acted for appellants, this constituted a refusal on the part of appellee to ascertain the loss by appraisement in the manner pointed out by the policy and because thereof appellee can not maintain the suit.  Ins. Co. v. Clancy, 71 Texas, 5; Ins. Co. v. O'Bryan (Ark.), 87 S. W., 129.

The court erred in rendering judgment for interest on the verdict from January 4, 1917, for the reason that by the terms of the policy sued on, the defendant was not liable to pay any loss thereunder until sixty days after any fire at the earliest moment.

*T. G. Jackson* and *Ingrum & Robinson,* for defendant in error.— The finding of the jury that Henry T. Phelps was not a competent and disinterested appraiser was supported by an abundance of evidence, which, though hearsay not being objected to, has enough probative force to sustain the verdict.   W. U. T. Co. v. Hirsch, 84 S. W., 394; Leary v. State, 117 S. W., 822; Covell v. W. U. T. Co., 147 S. W. (Mo.), 555; Speed v. Sadberry, 190 S. W., 781; Lindquist v. Dickson, 6 L. R. A. (N. S.), 729; Royal Ins. Co. v. P. & O. Co., 34 S. W., 401; Hickerson v. Ins. Co., 33 S. W. (Tenn.), 1041; Encyclopedia of Evidence, vol. VI, 455.

The provision in the insurance policy being primarily for the benefit of the defendants, it was the duty of the defendants to select a competent and disinterested arbitrator and having failed to do so they can not complain that no arbitration was had.   Virginia F. & M. Ins. Co. v Cannon, 45 S. W., 945; Continental Ins. Co. v. Vallandingham, 76 S. W. (Ky.), 22; Graham v. German-Am. Ins. Co., 15 L. R. A. (N. S.), 1067.

There must be an "honest to goodness" attempt to agree before arbitration becomes a condition precedent to bringing suit.   Continental Ins. Co. v. Vallandingham, 76 S. W. (Ky.), 22; Hickerson & Co. v. German-Am. Ins. Co., 32 L. R. A., 172.

The court did not err in allowing interest from January 4, 1917, for the reason that the evidence shows that in law the loss was total.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The defendant in error recovered a judgment in the District Court, which was affirmed on appeal, upon a policy of fire insurance on defendant in error's property, issued by plaintiffs in error.

It is contended by plaintiffs in error that neither the pleadings nor the evidence warranted the submission to the jury of the question as to whether the appraiser of their selection, to estimate the damage to the insured property, was disinterested.

By way of special defense to defendant in error's suit on the policy, plaintiffs in error averred that after the fire a disagreement arose as to the amount of the loss thereby sustained by the insured, and that plaintiffs in error demanded that the loss be ascertained by two competent and disinterested appraisers, one to be selected by plaintiffs in error and one to be selected by defendant in error, as provided in the policy, and that plaintiffs in error selected Henry T. Phelps and that defendant in error selected F. R. Young, who was not disinterested and to whom objection was made on that ground, and that thereupon defendant in error declined to permit the loss to be estimated by appraisers, unless F. R. Young acted, and that defendant in error thereby wrongfully refused to permit an appraisement as stipulated for in the policy, and hence was not entitled to maintain his suit.

For replication to this matter of special defense, defendant in error plead that, upon demand by plaintiffs in error, he had agreed to an ap-

praisement of his loss and had named F. R. Young as one appraiser and had objected to Henry T. Phelps, upon his selection by plaintiffs in error, for the reason that Phelps was reported to be an unfair appraiser, and because Phelps, in selecting the umpire, would not agree to anyone unless it were a party over whom he had some control, but that defendant in error had offered to select some other appraiser instead of Young if plaintiffs in error would select some other appraiser instead of Phelps, which offer was rejected by plaintiffs in error, and hence defendant in error had not wrongfully refused to go into an appraisement, but was compelled to sue to enforce his demand.

The policy in evidence provided that in the event of disagreement as to the amount of loss, the same should be ascertained by two competent and disinterested appraisers, the insured and the insurer each selecting one, and the two so chosen selecting a competent and disinterested umpire, and the appraisers should then estimate and appraise the loss, submitting any difference to the umpire, and that the award of any two should determine the amount of the loss.

There was evidence that F. R. Young, who was selected as an appraiser by defendant in error, had previously made an estimate of the loss for which he had been paid by defendant in error; that Henry T. Phelps, who was selected as an appraiser by plaintiffs in error, had been used as an appraiser by their agent at San Antonio more than any other, how often said agent could not tell, that said agent paid Phelps ten dollars a day, and that Phelps had made an estimate which was thought to be against the insurer and in that instance he was representing the insured.

It was an undisputed fact that defendant in error proposed to withdraw F. R. Young and to name another appraiser to whom plaintiffs in error had no objection, if plaintiffs in error would name another appraiser instead of Phelps, and plaintiffs in error declined to accept the proposition.

The jury found, on special issues, that F. R. Young was not a competent and disinterested appraiser, and that Henry T. Phelps was not a competent and disinterested appraiser.

It seems plain to us that the finding of the jury that Phelps was not a disinterested appraiser is amply supported by both the pleadings and the evidence.

The answer of plaintiffs in error recognized the rule that "if the insurer relies for a defense upon non-compliance with the arbitration and award clause in a policy, such clause must be specially pleaded to be available as a defense." 5 Joyce on Insurance, sec. 3264; Manchester Fire Ins. Co. v. Simmons, 12 Texas Civ. App., 607, 35 S. W., 723; Phoenix Assur. Co. v. Deavenport, 41 S. W., 400; Kahn v. Traders Ins. Co., 4 Wyo., 419, 62 Am. St., 57 to 59, 34 Pac., 1059. The substance of plaintiff in error's special defense was that they had been deprived of their contract right of arbitration through the wrongful act or default of defendant in error, in refusing to arbitrate the amount

of his loss, unless allowed to select a disqualified appraiser, notwithstanding that plaintiffs in error had demanded an arbitration and selected an appraiser in accordance with the policy. The court properly called upon the jury to determine whether this defense was sustained by determining whether Phelps was a disinterested appraiser. The facts were uncontradicted that defendant in error really did nothing to defeat an arbitration, save to withhold his consent to Phelps' selection. If Phelps was disqualified such consent was rightfully withheld, and the act of plaintiffs in error in wrongfully refusing to select another appraiser in Phelps' place defeated the arbitration. In Manchester Fire Ins. Co. v. Simmons, 12 Texas Civ. App., 612, 35 S. W., 723, in speaking of the same form of appraisement clause as that here involved, Associate Justice Finley said: "It is a provision in the contract inserted for the company's benefit, and it should have at least shown a willingness to go into the matter of the ascertainment of the amount of the loss in the manner provided, before complaining that it has not been so ascertained." A similar declaration was made in Continental Ins. Co. v. Vallandingham, 116 Ky., 302, 76 S. W., 24, 105 Am. St., 218, when the Court of Appeals of Kentucky said: "But, if a person for whose benefit a clause in a contract is inserted would have the advantage of it, he must bring himself within its terms, and will not be excused because the other party had likewise failed. Unless the insurer asks for the arbitration or appraisal before suit brought, the failure to appraise is not a defense. Sun Mutual Ins. Co. v. Crist (Ky.), 399 S. W., 837; Bergman & Co. v. Commercial Union Ins. Co., 12 Ky. Law Rep., 942; Chenowith v. Phoenix Ins. Co., 12 Ky. Law Rep., 232; Scottish Union and National Ins. Co. v. Strain (Ky.), 70 S. W., 274. And when the insurer demands the appraisal, it must in good faith nominate a competent, disinterested person as appraiser, before it can defend upon the ground that the insured has failed to keep that part of his contract."

The conclusion that the jury were warranted, on the evidence recited, to find against the qualifications of both Young and Phelps results from a right conception of the duties to be performed by appraisers under policies such as the one involved in this suit. The Alabama Supreme Court clearly gave the right construction to the appraisal clause in these policies, when it said: "The purpose of the clause is to secure a fair and impartial tribunal to settle the difference submitted to them. In their selection it is not contemplated that they shall represent either party to the controversy or be a partisan in the cause of either, nor is an appraiser expected to sustain the views or to further the interest of the party who may have named him. And this is true, not only with respect to estimating the amount of the loss, but also with reference to the selection of an umpire. They are to act in a quasi judicial capacity and as a court selected by the parties free from all partiality and bias in favor of either party; so as to do equal justice between them. This tribunal having been selected to act instead of the

court and in place of the court, must, like a court, be impartial and non-partisan. For the term 'disinterested' 'does not mean simply lack of pecuniary interest, but requires the appraiser to be not biased or prejudiced.' And, if this provision of the policy was not carried out in this spirit and for this purpose, neither party is precluded from going to the courts, notwithstanding the agreement to submit their difference to the board of appraisers." Hall Bros. v. Western Assur. Co., 133 Ala., 639, 640, 22 So., 257, 258.

The real question in this case, under the pleadings and evidence, was by whose fault was an arbitration defeated? The jury's answers, in the light of other facts not controverted, fix that fault on plaintiffs in error. And it can not be questioned that when a party has wrongfully occasioned a failure of arbitration, he has thereby released the other party from his obligation to enter into the arbitration. Braddy v. Ins. Co., 115 N. C., 355, 20 S. E., 477; Davis v. Assur. Co., 16 Wash., 232, 47 Pac., 438; Bernhard v. Ins. Co., 79 Conn., 388, 65 Atl., 137, 8 Ann. Cases, 298.

The fire loss occurred on January 4, 1917, and complaint is made that the judgment allows interest to defendant in error from the date of such loss.

The contract between the parties, as embodied in the policy, required the insured, if fire occur, to "give immediate notice of any loss thereby in writing to this company," and within ninety days after the fire to render a signed and sworn statement, stating, among other matters, the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, all incumbrances thereon, and all other insurance. The policy then provides that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The petition of defendant in error alleged that on January 5, 1917, he gave plaintiffs in error the notice of his loss, and that on March 2, 1917, more than sixty days before the filing of this suit, he submitted to plaintiffs in error proofs of his loss. There is nothing in the pleadings of defendant in error to show denial of liability under the policy by plaintiffs in error.

The Court of Civil Appeals sustained the allowance of interest from the date of the fire on the ground that the house was shown to be a total loss.

In the case of Queen Insurance Co. v. Jefferson Ice Co., 64 Texas, 578, suit was brought to recover $500 insurance on a house, which was totally destroyed, and $1000 on personal property. The effect of article 4874, R. S., then article 2971, was there declared, in the opinion of Judge Stayton, as follows: "The language of the statute referred to is clear, and its purpose evidently was to make all policies on real property, in cases of total loss, valued policies, without reference to stipula-

tions contained in them which would give a different character but for the statute, which becomes a part of every such contract. By force of the statute, when the loss is total, the policy evidences a liquidated demand, against the company issuing it, for its full amount." And, in that opinion, Judge Stayton further declared the law with respect to the allowance of interest, as applied to all policies like that here sued on, whether valued or not, when he stated: "The policy provided that the loss should be paid within sixty days after proof of loss was furnished; but the court instructed the jury to give interest from the date of the loss, and this they did. The contract of insurance is one from which indemnity against loss is intended to be secured; but the parties to such a contract may by it determine what the indemnity shall be, and, in the absence of some law controlling the matter, effect must be given to their contract. They did contract in such manner that the sum to be paid may be ascertained, and they fixed a time at which it should be paid; and interest, prior to the date when payment of the sum found to be due under the policy, by its terms, should be paid, constitute no part of the indemnity for which they contracted."

The holding in the case last cited was not that the recovery for the loss of the house should bear interest from the date of the fire, and the recovery for the loss or damage to the personal property should begin to bear interest sixty days after proof of the loss or damage was furnished, but that no interest whatever should be allowed until sixty days had run after the proof of loss was furnished. Here we necessarily had the decision that the statute did not dispense with proof of loss, though the loss be total and not of personal property.

The Fort Worth Court of Civil Appeals, in Continental Ins. Co. v. Chase, 33 S. W., 603, construed the statute as dispensing with proof of loss under a valued policy and as fixing the date of payment as the date of loss. In refusing the writ of error because the proper result was reached, regardless of the correctness of this construction of the statute, the court, by Chief Justice Gaines, said: "We are not, however, prepared to say that the effect of the statute referred to in the opinion was to render such a provision (that is, the provision for proof of loss in a valued policy), if it had been contained in the policy, nugatory." Continental Ins. Co. v. Chase, 89 Texas, 214, 34 S. W., 93.

Notwithstanding the express refusal of the Supreme Court to approve the construction given by the Court of Civil Appeals to the statute, in Continental Insurance Co. v. Chase, and the conflict of such construction with the opinion of Judge Stayton in Queen Ins. Co. v. Jefferson Ice Co., supra, some of the Courts of Civil Appeals have adhered to such construction, though not entirely without question of its correctness. Ins. Co. v. Ruddell, 37 Texas Civ. App., 30, 82 S. W., 827; Fire Assn. v. Richards, 179 S. W., 928; Ins. Co. v. Laster, 187 S. W., 970; Fire Assn. v. Strayhorn, 165 S. W., 906.

We regard Judge Stayton's opinion as decisive of the question before us, whether this loss be regarded as total or partial. Article 5714, R.

S., can not change the date of payment as expressly stitulatcd for in the policy contract with relation to the required statement under oath of the insured's knowledge and belief as to the time and origin of the fire and like matters, no matter whether it does or does not dispense with the immediate notice required by the policy. The statute obviously can not apply beyond the matter of notice of the claim for loss or damage to the insured property. The policy just as obviously does require something more than notice, and something essentially different from mere notice. That which is required has very positive value to the insurer, wholly apart from carrying to him notice of a claim for loss or damage. Watertown Fire Ins. Co. v. Grover, 41 Mich., 131, 32 Am. Rep., 147, 1 N. W., 961.

As already noted, there was no denial of liability by plaintiffs in error. It is the settled law of Texas that such a denial does mature the demand for loss or damage under a fire policy. Georgia Home Ins. Co. v. Jacobs, 56 Texas, 372; Hartford F. Ins. Co. v. Josey, 6 Texas Civ. App., 290, 25 S. W., 686; Oklahoma F. Ins. Co. v. McKey, 152 S. W., 551; Camden F. Ins. Assn. v. Bomar, 176 S. W., 157. And, under such circumstances, interest would run from the date of denial of liability, regardless of whether sixty days had expired after proofs of loss had been furnished, and regardless of whether proofs of loss were waived. The case of East Texas Fire Ins. Co. v. Brown, 82 Texas, 638, 18 S. W., 713, is overruled, in so far as it holds that no cause of action arises in a policy until sixty days after waiver of proofs of loss, where the waiver consists, as it did in that case, of an absolute denial of liability. Upon the mere waiver of proofs, without denial of liability, then the sixty days should expire, after such waiver, before the institution of suit to enforce the policy. But an absolute denial of liability should be given the effect of an invitation to enforce the indemnity promised by the insurer in the only way open to the insured, and that at once.

We do not think that the loss in this case can be properly treated by us as a total loss; for the case was submitted and determined on issues which would have been immaterial had the loss been total.

Because of the error in the allowance of interest from the date of the loss, the judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is reformed, so as to allow a recovery by plaintiff in the sum of $2500, with interest at the legal rate from May 2, 1917, being sixty days after the proofs of loss were furnished; and, as thus reformed, the judgment of the District Court is affirmed.

*Reformed and affirmed.*