CAREVE, APPELLANT, *v.* PHOENIX INSURANCE CO., RESPONDENT.

(No. 5,110.)

(Submitted April 11, 1923.  Decided May 12, 1923.)

[215 Pac. 235.]

*Fire Insurance—Notice and Proof of Loss—Waiver of Requirements of Policy—Powers of Local Agent.*

Fire Insurance—Notice and Proof of Loss—Conditions Precedent to Recovery.

1.  Where a fire insurance policy requires written notice and proof of loss to the company signed and sworn to by the insured, such requirements are conditions precedent which must be complied with to entitle him to recover; hence failure of the insured to do more than to orally notify the company's local agent of a loss sustained who thereupon asked him to make out a list of the property destroyed together with its value, which was done, the list being neither signed nor sworn to by claimant, the agent saying that he would forward it, barred recovery by insured unless the conditions were waived.

Same—Powers of Local Agent—Waiver of Policy Requirements.

2.  A local insurance agent has but special and limited powers, as contradistinguished from a general agent who has exclusive charge and control of the principal's interests within a given territory, and the former is authorized merely to fix rates of insurance, countersign and deliver policies and collect premiums, and cannot after a loss waive the provisions of a policy requiring notice and proof of loss, unless authorized to do so by the company or there is proof of apparent authority or custom.

Same.

3.  Where the certificate of authority of a local fire insurance agent did not show that the agent was empowered to waive notice and proof of loss, and there was no proof of ostensible authority in him so to do, the agent was without authority to waive the conditions.

Same—Waiver of Policy Requirements—Prerequisites.

4.  Where insured relies upon a waiver of written notice and proof of loss, he must show that the defendant company, with knowledge of the facts, had dispensed with the observance of the condition, and where the waiver relied on is the act of an agent, it must be shown either that the agent had authority, actual or ostensible, from the company to make the waiver, or that it subsequently with like knowledge ratified the action of the agent.

1.  Furnishing proofs of loss as condition precedent to action, see note in **Ann. Cas.** 1912C, 604.

Forfeiture by failure to furnish proofs of loss within stipulated time, see note in 18 **L. R. A.** 85.

[67 Mont. 236.]

*Appeal from District Court, Custer County; S. D. McKinnon,
Judge.*

ACTION by Tonsho Careve against the Phoenix Insurance
Company of Hartford. Judgment for defendant and plaintiff
appeals. Affirmed.

*Messrs. Loud & Leavitt,* for Appellant, submitted a brief;
*Mr. Charles H. Loud* argued the cause orally.

The Security Abstract and Title Company, under its certifi-
cate of appointment was a general agent of the defendant in-
surance company. (19 Cyc., p. 780; 14 R. C. L., par. 339;
*Kahn* v. *Traders Ins. Co.,* 4 Wyo. 419, 62 Am. St. Rep. 47, 34
Pac. 1059–1069; *German American Ins. Co.* v. *Yeagley,* 163
Ind. 651, 2 Ann. Cas. 275, 71 N. E. 897; *Richards* v. *Spring-
field F. & M. Ins. Co.,* 114 La. 794, 108 Am. St. Rep. 359, 69
L. R. A. 278, 38 South. 563; *Miner* v. *Phoenix Ins. Co.,* 27
Wis. 693, 9 Am. Rep. 479; *Nickell* v. *Phoenix Ins. Co.,* 144 Mo.
420, 46 S. W. 435; *Goode & Co.* v. *Georgia Home Ins. Co.,* 92
Va. 392, 53 Am. St. Rep. 817, 30 L. R. A. 843, 23 S. E. 744;
*Bank of Anderson* v. *Home Ins. Co.,* 14 Cal. App. 208, 111
Pac. 507; *National Fire Ins. Co.* v. *Sprague,* 40 Colo. 344, 92
Pac. 227; *Velie* v. *Germania Ins. Co.,* 26 Iowa, 9, 96 Am. Dec.
83–102; *Piedmont & Arlington L. Ins. Co.* v. *Young,* 58 Ala.
476, 29 Am. Rep. 770; *Carson* v. *Jersey City Fire Ins. Co.,* 14
Vroom (N. J.), 300, 39 Am. Rep. 584; 2 Wood on Insurance,
par. 415.)

The provisions of the policy, that no officer, agent or other
representative of the defendant shall have power to waive any
provision or condition of the policy as specified therein, applied
only to those conditions and provisions which relate to the
formation and continuation of the contract of insurance and
are essential to the binding force of the contract while it is
running, and do not apply to those conditions which are to be
performed if the loss has occurred, in order to enable the in-
sured to sue on his contract. (*Washburn-Helligan Co.* v. *Mer-
chants B. M. Fire Ins. Co.,* 110 Iowa, 423, 80 Am. St. Rep. 311,

81 N. W. 707; *Wheaton* v. *North British Ins. Co.,* 76 Cal. 417, 18 Pac. 758; *Blake* v. *Exchange Mut. Ins. Co.,* 12 Gray (Mass.), 265; *Franklin Fire Ins. Co.* v. *Chicago Ice Co.,* 36 Md. 102, 11 Am. St. Rep. 469; *Springfield Steam Laundry Co.* v. *Traders Ins. Co.,* 151 Mo. 90, 74 Am. St. Rep. 521, 52 S. W. 238; *Mc-Cullough* v. *Home Ins. Co.,* 155 Cal. 659, 18 Ann. Cas. 862, 102 Pac. 814; *Citizens Ins. Co.* v. *Stoddard,* 137 Ill. 330, 64 N. E. 355; *Snyder* v. *Dwelling House Ins. Co.,* 59 N. J. L. 544, 59 Am. St. Rep. 625, and note, 37 Atl. 1022; *Medley* v. *German Alliance Ins. Co.,* 55 W. Va. 342, 2 Ann. Cas. 99, 47 S. E. 101; 14 R. C. L., par. 334.)

The Security Abstract and Title Company, as the agent of the defendant company, had the power and authority to, and actually did, waive the notices and proofs of loss in this case, and the defendant company through its said agent waived the notice and proofs of loss. (*Dwelling House Ins. Co.* v. *Brodie,* 52 Ark. 11, 11 S. W. 1016; *Mackintosh* v. *Agricultural Fire Ins. Co.,* 150 Cal. 440, 119 Am. St. Rep. 234, 89 Pac. 102; *German American Ins. Co.* v. *Hyman,* 42 Colo. 156, 94 Pac. 28; *Velie* v. *Germania Ins. Co.,* 26 Iowa, 9, 96 Am. Dec. 83; *Carriague* v. *Atlantic Fire Ins. Co.,* 40 Ga. 135, 2 Am. Rep. 567; *Queen Ins. Co.* v. *Straighten,* 70 Kan. 186, 78 Pac. 447; *Richards* v. *Springfield Fire & Marine Ins. Co.,* 114 La. 794, 108 Am. St. Rep. 359, 69 L. R. A. 278, 38 South. 563.)

*Mr. George W. Farr,* for Respondent, submitted a brief and argued the cause orally.

A requirement in the policy that proofs be furnished within a specified time constitutes a condition precedent which must be complied with in order for the insured to recover under a policy of insurance. (19 Cyc. 847; *Scottish Union & National Ins. Co.* v. *Encampment Smelting Co.,* 166 Fed. 231, 92 C. C. A. 139; *White* v. *Home Mut. Ins. Co.,* 128 Cal. 131, 60 Pac. 666.)

In the case of *Sweeney* v. *Travelers Ins. Co.,* 199 Mich. 584, 165 N. W. 775, it was held that the mere fact of the defend-

ant's agent considering the claim of the insured was not a waiver of the insured's failure to give notice promptly after the accident and to make proof within seven months thereafter. (See, also, *Snell* v. *North British etc. Ins. Co.*, 61 Mont. 547, 203 Pac. 321; *Hottner* v. *Aachen & M. Fire Ins. Co.*, 31 Pa. Sup. Ct. 461; *Urbaniak* v. *Firemen's Ins. Co.*, 227 Mass. 132, 116 N. E. 413.)

In order to avail himself of the claim that the defendant company, through its agent, the Security Abstract and Title Company, waived the giving of notice and proof of loss, the burden of proof was upon the plaintiff to show first, such facts or circumstances or such course of conduct as to show a waiver; and second, either a direct authorization of the agent, or such a course of conduct as by implication it can be presumed that the agent was acting within the real or apparent scope of his authority. (*New York Life Ins. Co.* v. *O'Dom*, 100 Miss. 219, 56 South. 379; *Union Mutual Ins. Co.* v. *Huntsberry*, 57 Okl. 89, 156 Pac. 327; 26 C. J. 367.)

It has been frequently held that it is competent and reasonable for insurance companies to make it a condition in their policies that their agent shall not be deemed to have authority to alter or contradict the express terms thereof as accepted and delivered; and, where the waiver relied upon is the act of the agent, it must be shown either that the agent had express authority from the insurance company to make the waiver, or that the company subsequently with knowledge of the facts ratified the acts of the agent. (*Twin City Fire Ins. Co.* v. *Stockmen's Nat. Bank*, 261 Fed. 476.) The holding of this court in the case of *Tuttle* v. *Pacific Mut. Life Ins. Co.*, 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993, is decisive of this case.

A mere local agent cannot waive proofs of loss. (Kerr on Insurance, sec. 519; *Travelers Ins. Co.* v. *Myer*, 62 Ohio St. 529, 49 L. R. A. 760, 57 N. E. 458; 19 Cyc. 858; *Ferdenando* v. *Milwaukee Mechanics' Ins. Co.*, 81 Wash. 244, 142 Pac. 693.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Tonsho Careve, the plaintiff, in October, 1919, obtained from the defendant, through its agent, Security Abstract & Title Company, a fire insurance policy covering his buildings and contents. In November following the building and contents were burned. Defendant having refused to pay, plaintiff brought this suit. By consent of the parties the cause was tried to the court sitting without a jury. Judgment was entered for defendant, from which plaintiff has appealed.

When plaintiff applied for insurance the business was transacted between him and D. M. Ferguson, who was manager and secretary of the agent company. This company, a Montana corporation, was at all times the agent of the defendant insurance company, which was a foreign corporation, acting under a certificate of authority executed by the insurance company. Under the certificate of authority the agent company had full power during the pleasure of the insurance company to receive proposals for insurance against loss or damage by fire on property located in Miles City and vicinity, to receive premiums therefor, to countersign and issue policies of insurance thereon, to consent to transfers or make indorsement thereon, and to renew the same subject to the rules and regulations of the insurance coompany or its general agent at San Francisco.

On the morning after the fire the plaintiff went to see Mr. [1] Ferguson and told him about the fire. Then Ferguson and the plaintiff went to the burned building and examined the ruins. On the way back to his office Ferguson asked the plaintiff what was lost and upon being told, said: "Write it down and bring it to the office." Plaintiff then made out a statement consisting of a list of the property which was in the building, together with the values fixed by him on the separate articles, and gave it to Ferguson. It was not subscribed or sworn to. Ferguson asked for the policy, which the plaintiff produced and delivered to him. Plaintiff also left his address with Ferguson at the latter's request. Ferguson said he

would send the statement to the insurance company which would send word to the insurance adjuster and upon the adjuster's arrival he (Ferguson) would let the plaintiff know so he might meet the adjuster. At that time plaintiff asked Ferguson if he wanted any further information, to which Ferguson replied in the negative. Nothing else was done by plaintiff by way of giving notice of loss or proof of loss to the defendant company.

The policy of insurance provides that if fire occur the policy-holder shall give immediate notice of any loss in writing to the company, "forthwith separate damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon," and within sixty days after the fire, unless such time is extended in writing, shall render a statement, signed and sworn to by the insured stating his knowledge and belief as to the time and origin of the fire, with other information.

The court found, among other things, that the insured did not give the required notice nor render the statement; that there had not been a waiver by the company, and that the Security Abstract & Title Company did not have authority to waive notice of loss or proof of loss; that the certificate of authority issued to the agent company was the sole extent of the power and authority of that company; "that there is no evidence of any apparent authority or custom or other facts or circumstances tending to show that the defendant company had clothed its agent with any additional authority."

The insurance policy constituting a contract between the parties, the plaintiff is bound by its provisions. Notice and proof of loss, being conditions precedent to the right of recovery, must be made prior to commencing action. (*Tuttle* v. *Pacific Mut. Life Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993.)

While counsel for plaintiff admit that their client did not give notice of loss in writing nor render the sworn statement

in terms required by the policy, they insist that the agent of the company was in effect a general agent of the insurance company and that by reason of what took place between the plaintiff and the agent, as above recited, the insurance company waived both requirements.

Whether upon the facts shown, if the agent had authority to waive notice and proof of loss, a waiver was proven, we shall not stop to inquire but will proceed to the determinative question as to whether the agent had authority, actual or ostensible, to waive notice of loss and the sworn statement commonly called the proof of loss.

To overturn the court's finding, which is sustained by the [2] evidence introduced upon the trial, we should be compelled to hold as a matter of law that an agent of an insurance company, clothed only with the authority specified in the certificate above mentioned, is nevertheless a general agent. It is true that some courts have held that a local agent who has authority to bind the insurer by a contract of insurance may ordinarily waive the condition as to notice and proof of loss, while others hold to the contrary. The decisions turn largely on the evidence as to the authority in the particular case. (See 26 C. J. 393, 394, and cases cited.) A general agent of an insurer is one who has exclusive charge and control of his principal's interests within a given territory. He stands in the position of vice-principal. (Kerr on Insurance, sec. 190.) The agent in this case did not have any such power. The powers conferred were special and limited. The term "local agent" is not an accurate one. The powers of an agent are not determined by the extent of the locality his activities cover. (*Ermentrout* v. *Girard F. & M. Ins. Co.,* 63 Minn. 305, 56 Am. St. Rep. 481, 30 L. R. A. 346, 65 N. W. 635.) The question is one of agency and the inquiry is as to the powers which the principal actually or ostensibly conferred upon the agent. But, having in mind that a "local agent" has but special and limited powers, the authorities say: "A local agent—that is, one who is authorized merely to fix rates of insurance and countersign and

deliver policies and collect premiums—cannot after a loss waive the provisions of a policy requiring notice and proofs of loss.'' (Kerr on Insurance, sec. 190; *Ermentrout* v. *Girard F. & M. Ins. Co., supra; Smith* v. *Niagara Ins. Co.,* 60 Vt. 682, 6 Am. St. Rep. 144, 1 L. R. A. 216, 15 Atl. 353; Clement on Fire Insurance, 217, 440.)

Where there is proof of apparent authority or custom, or [3] other facts or circumstances appear justifying a finding that the company has clothed its agent with such authority, a different question is presented. (*Ferdenando* v. *Milwaukee Mechanics' Ins. Co.,* 81 Wash. 244, 142 Pac. 693.) But this record is barren of any such showing. In the instant case the agent did not assume to possess any authority to adjust the loss, according to the testimony of Ferguson. On the contrary, he told plaintiff an adjuster would come and adjust it. Plaintiff himself proved the written authority of the agent when he introduced in evidence the certificate of authority. This was not supplemented by proof that the principal had otherwise conferred any additional authority upon the agent; in other words, there was no proof of ostensible authority in the agent to waive notice or proofs of loss. (See secs. 7945–7948, Rev. Codes 1921.) Indeed, the court found that plaintiff had actual notice of the extent of the agent's authority. Where [4] the insured relies upon a waiver, he must show that the company with knowledge of the facts had dispensed with the observance of the condition, and where the waiver relied on is the act of an agent it must be shown either that the agent had authority, actual or ostensible, from the company to make the waiver or that the company subsequently with knowledge of the facts ratified the action of the agent. (*Collins* v. *Metropolitan Life Ins. Co.,* 32 Mont. 329, 108 Am. St. Rep. 578, 80 Pac. 609, 1092; *Kennedy* v. *Grand Fraternity,* 36 Mont. 325, 25 L. R. A. (n. s.) 78, 92 Pac. 971; *Tuttle* v. *Pacific Mut. Life Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993.)

Plaintiff having failed to show that which was essential to the maintenance of his action, the judgment of the court below was correct, and is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.

