## AMERICAN SURETY CO. OF NEW YORK v. BLAINE. (No. 3056.)

(Court of Civil Appeals of Texas. Texarkana. April 29, 1925. Appellee's Rehearing Granted May 21, 1925.)

**1. Pleading ⊂⇒248(5)—Amended petition alleging loss of diamond in stick pin held new cause of action from original petition alleging loss of "diamond" ring.**

Where original petition on burglary insurance policy alleged loss of one solitaire diamond ring, amended petition alleging loss of "one solitaire diamond in a stick pin" set up new cause of action; "diamond" in original petition being merely descriptive of ring.

**2. Limitation of actions ⊂⇒24(2) — Action on policy of burglary insurance not barred by two-year limitation.**

Where stipulation in policy of burglary insurance was that, if limitation of one year for suit thereon was at variance with statute in relation thereto, it would be superseded by statute, and Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, requiring actions on written contract to be commenced within four years after accrual, was applicable, petition was not barred by two-year limitation provided for in article 5713.

**3. Insurance ⊂⇒538—Statement of loss to person in local agent's office held not compliance with requirement that proof of loss must be made to insurer in New York.**

Where under policy proof of loss must be made to insurer at its home office in New York, evidence that insured made statement of loss to some one in office of insurer's local agent in Dallas was not compliance therewith; Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, not being applicable, as stipulation was for proof of loss not notice thereof.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by R. A. Blaine, Jr., against the American Surety Company of New York. Judgment for plaintiff, and defendant appeals. Reversed and remanded, for new trial.

This suit, commenced by appellee by a petition filed January 19, 1922, was on a policy issued by appellant insuring appellee in the sum of $1,500 for a period of one year from May 17, 1921, against loss by burglary or theft of precious stones, jewelry, etc., owned by him, from premises where he resided in Oak Cliff, Dallas, Tex. Appellee alleged in said petition that while said policy was in force, to wit, on or about July 5, 1921, "one solitaire diamond ring" belonging to him, "of the cash market value in Dallas, Tex.," at that time, of $1,500, was stolen from said premises; and he prayed for judgment against appellant for that sum. In his first amended original petition, filed October 25, 1923, on which the cause was tried, appellee alleged that the property stolen from said premises at the time specified in the original petition was "one solitaire diamond in a stick pin, being a 2 and 52/100 carat diamond and set in a six corner air-lined mounting," "of the cash market value in Dallas, Tex.," of $1,500. The prayer, as in the original petition, was for judgment against appellant for said sum of $1,500. The judgment in appellee's favor from which the appeal is prosecuted was for a like sum.

Stennis & Stennis, of Dallas, for appellant.
W. H. Flippen, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] We think the contention that the cause of action alleged in the original petition was abandoned and a new cause of action set up in the amended petition on which the trial was had must be sustained. Tests by which to determine such a contention, the Supreme Court said in Lumber Co. v. Water Co., 94 Tex. 456, 61 S. W. 707, are:

"(1) Would a recovery had upon the original bar a recovery under the amended petition? (2) Would the same evidence support both of the pleadings?"

A "solitaire diamond ring" and a "solitaire diamond set in a stick pin" are not one and the same thing. They are different articles; and evidence of the loss of one not only would not prove loss of the other, but would be inadmissible for that purpose. Nor would a recovery for loss of the one bar a recovery for the loss of the other. Appellee's view that the subject-matter of his suit was a diamond and that the words "ring" and "stick pin" were merely descriptive of it is not permissible, we think. Instead, we think the word "diamond" was descriptive merely of the ring alleged in the original petition to have been stolen.

[2] But we do not agree with appellant that the cause of action set up in the amended petition was barred because said amended petition was not filed until more than two years after the time said cause of action arose. Appellant's contention that the four years' statute of limitations did not apply, notwithstanding the suit was on a contract in writing, was based on a provision in the policy as follows:

"No suit shall be brought under this policy * * * unless commenced within one year from the date upon which the loss or damage

occurred. If any limitation of time * * * for any legal proceeding herein contained is at variance with any specific statutory provision in relation thereto, in force in the state in which the premises of the assured as herein described are located, such specific statutory provision shall supersede any condition in this contract inconsistent therewith."

And article 5713, Vernon's Statutes, as follows:

"It shall be unlawful for any person, firm, corporation, association or combination of whatsoever kind to enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this state."

It is argued that the "effort of the policy writer" was "to make the period of limitation one year," and, if that could not be done, to make it "the shortest [quoting] permissible under our law"—meaning the statute set out above. Perhaps the effort was as stated, but the stipulation was that, if the limitation of one year therein provided for was at "variance with any specific statutory provision in relation thereto," it should be superseded by such specific statutory provision. The "specific statutory provision" applicable to appellee's suit was that contained in article 5688, Vernon's Statutes, requiring actions "founded upon any contract in writing" to be commenced "within four years after the cause of action shall have accrued."

[3] The policy contained a stipulation as follows:

"Affirmative proof of loss or damage under oath on forms provided by the company must be furnished to the company at its home office in New York City within 60 days from the date of the discovery of such loss or damage."

The stipulation was a valid one, and compliance with it, unless waived by appellant, was a condition precedent to a right in appellee to maintain the suit. Delaware Underwriters v. Brock, 109 Tex. 425 211 S. W. 779; Fire Insurance Association v. Miller Bros., 2 Willson, Civ. Cas. Ct. App. § 332; Fisher v. Ins. Co., 124 Tenn. 450, 138 S. W. 316, Ann. Cas. 1912D, 1246; Ins. Co. v. Ice Co., 64 Tex. 578; Ins. Co. v. Barnett, 71 Ind. App. 613, 125 N. E. 522; Careve v. Ins. Co., 67 Mont. 236, 215 P. 235; Weaver v. Casualty Co. (Ind. App.) 143 N. E. 608; 33 C. J. 15, 17. Appellant insists that neither such compliance nor waiver was shown, and we think the contention must be sustained. The testimony with reference to the matter was that of appellee as a witness that on the morning after the pin was stolen he went to the office of appellant's local agents in Dallas and "present-ed" his claim. "I went and told them," he said—

"I wanted to see somebody about a loss, so they showed me an old gentleman back there—I don't know just what his name was—and he came up and I told him what had happened, and he got out a blank and asked questions about where the house was located and my name, and just exactly what had happened, and he asked me if I would swear to that being correct, and I told him I would, and signed my name to it, and he took it and told me it would be adjusted all right, and that he would see that it was fixed up; he prepared the answers; he just asked me questions and took the answers down himself, and I signed and swore to it, and left it in their possession."

If it should be conceded that the statement made by appellee, referred to in his testimony set out above, was the "proof of loss" contemplated, it certainly cannot be conceded that same was furnished to appellant at its home office in New York City, for there was no pretense in any of the testimony that it was. And there was no testimony that appellant waived its right to have such proof furnished as specified in the stipulation. Appellee's view seems to be that the stipulation was within the inhibition in article 5714, Vernon's Statutes, as follows:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void, and, when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same. * * * In any suit brought under this * * * article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath."

But we think the statute does not affect the stipulation, which was for *proof* of loss, and not for *notice* of loss. 33 C. J. 6; Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779.

The judgment should not have been in appellee's favor. It will be reversed, and judgment will be rendered here that he take nothing by his suit against appellant.

### On Motion of Appellee for a Rehearing.

We have concluded that the motion should be granted so far as it is to set aside the judgment rendered here in appellant's favor and to remand the cause to the court below for a new trial. Therefore the judgment will be set aside in the respect stated, and the cause will be remanded to the court below, for the purpose stated.