## FEDERAL SURETY CO. v. SMITH.
### No. 1472—5710.

Commission of Appeals of Texas, Section A.
July 22, 1931.

ing that while the policy was in full force and effect he sustained an injury, and he claimed the full weekly accident indemnity of $37.50 from and after tne date of his injury upon allegations that his injury had resulted in total disability within the meaning of part 2 of the policy.

The case was submitted to a jury upon special issues, and judgment was entered in favor of the plaintiff against the defendant for the sum of $3,723.49. The Federal Surety Company made an appeal from the judgment of the trial court to the Court of Civil Appeals and that court affirmed the judgment. 25 S. W.(2d) 994. We refer to that opinion for a more detailed statement of the case.

The Federal Surety Company applied for a writ of error, which was granted.

Plaintiff in error contends:

(a) That the policy of insurance having required as a condition precedent to recovery of indemnity that proofs of loss be furnished, and proofs of loss having been furnished for only the period of time from the date of the injury up to and including June 2, 1926, it was error for the Court of Civil Appeals to hold that. plaintiff was entitled to indemnity up to and including May 18, 1928; and

(b) That it was error for the Court of Civil Appeals to hold that the mere failure of defendant to pay indemnity upon the proofs of loss that were furnished constituted denial of liability on the part of defendant and the waiver of additional proofs of loss, there having been no testimony of any word or act on the part of the defendant denying its liability under the policy.

The policy issued, among other things, contained the following provisions:

"4. Written notice of injury or of sickness on which claim may be based must be given to the Company as soòn as practicable after the date of the accident causing such injury or after the commencement of disability from such sickness. In event of accidental death immediate notice thereof should be given to the Company."

"7. Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

"10. Upon request of the Insured and subject to due proof of loss all accrued indemnity for loss of time on account of disability will be paid at the expiration of each sixty days during the continuance of the period for which the Company is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

Hyer & Christian and A. W. Christian, all of Fort Worth, for plaintiff in error.

H. T. Cooper and W. D. Smith, both of Fort Worth, and A. E. McCord, of Peoria, Ill., for defendant in error.

SHARP, J.

Marshall H. Smith instituted this suit against the Federal Surety Company upon a policy issued by the company to Smith, alleg-

"14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of forty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within one year from the expiration of the time when a cause of action for the loss accrues.

"15. If at any time limitation of this policy with respect to giving notice of claim or furnishing proof of loss is less than that permitted by the law of the state in which the Insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

In the plea in abatement defendant alleged that plaintiff had not complied with the provisions of paragraph 7 to the effect that proof of loss must be furnished to the company within ninety days after the termination of the period for which the company was liable, nor had the plaintiff, in compliance with paragraph 10, requested payment on account of disability at the expiration of each sixty days during the continuance of the period for which the company might be liable, nor had the plaintiff executed and delivered to defendant due proof of loss as a prerequisite to such payment at intervals of sixty days each, as required by paragraph 10; that under the provisions of paragraph 14 no action at law or in equity might be brought to recover on said policy prior to the expiration of forty days after proof of loss had been filed in accordance with the aforesaid requirements, so that plaintiff, having failed to file such proof of loss, had no right to bring such action, and this suit on the policy was premature and should be abated and dismissed.

Plaintiff alleged that written notice of the injury received by him was given defendant as soon as practicable after the date, to wit, within ten days thereafter, and new proof of said accident and disability was furnished the defendant within reasonable time after said accident, to wit, within forty days thereafter, and demanded of defendant the indemnity to which he was entitled under the provisions of the policy, but that defendant failed and refused to pay plaintiff any indemnity whatsoever.

Plaintiff filed an amended petition on May 16, 1928, and alleged therein, in substance, that he had been disabled continuously up to and including that date. The record shows that plaintiff received his injuries on December 23, 1925; that he furnished proofs of loss on January 28, 1926, on February 7, 1926, on April 27, 1926, and on June 2, 1926. These were the only proofs of loss that were furnished by plaintiff. However, plaintiff in error does not question the sufficiency of the proofs of loss furnished on the dates above mentioned, but does question the soundness of the contention made that they are sufficient upon which to base a judgment for claims made for loss of time from disability after June 2, 1926.

The question as to whether proofs of loss had been furnished by plaintiff was not submitted to the jury. The trial court, however, made an express finding that proofs of loss had been furnished in the following language: "That within the time prescribed by said policy of insurance, the plaintiff gave notice to defendant of said injury. and furnished to defendant affirmative proof of the said injury and of the disability resulting therefrom, and made demand upon defendant for the indemnity provided for by said policy."

The foregoing finding was incorporated in the judgment entered by the trial court, and that court rendered judgment in favor of the plaintiff against the defendant for compensation from December 23, 1925, to May 18, 1928. There being no contention that plaintiff had not complied with the terms of the policy in furnishing the defendant proofs of loss for loss of time from disability from December 23, 1925, to June 2, 1926, the trial court correctly held as a matter of law that sufficient notices of proof of loss for loss of time from disability during those dates were furnished by plaintiff to defendant. The testimony being undisputed, that was not an issue to be submitted to the jury.

No issue as to whether proofs of loss had been waived by the insurance company for loss of time from disability after June 2, 1926, was submitted to the jury, nor was there any request for it to be submitted. Defendant moved for a peremptory instruction in its favor which was refused. The trial court did not find that there had been a waiver of proof of loss by the insurance company, nor do we think that under the facts introduced in this case the trial court would have been warranted in finding as a matter of law that the insurance company had waived the proofs of loss. It can only become a question of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom.

We are of the opinion that taking the entire testimony, as shown from this record, in its most favorable light, it is not shown, unless it be inferred by mere silence on the part of the insurance company in receiving and retaining the proofs of loss sent in, that the company waived the provisions of the policy requiring proofs of loss to be furnished.

In the case of Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 478, 268 S. W. 438, 441, it is said: "Waiver presupposes full knowledge of existing right, while estoppel arises where by fault of one, another has been induced to change his position for the worse."

It is firmly settled in the decisions of this state that if the contract of insurance

is expressed in plain and unambiguous language, the courts will not undertake to construe the language otherwise than the parties themselves intended that it should be.

■ It is a further well-recognized rule that an insurance company has the right to stipulate that proofs of loss be furnished within a reasonable time and upon reasonable terms and to provide certain conditions to enforce a compliance with such provisions.

If the injuries of the insured disabled him from the performance of his labors from December 23, 1925, to May 18, 1928, the policy required that he make written proof of such disability to the insurer. Such provisions above copied are not void under our laws. Delaware Underwriters & Westchester Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779; Burns v. American Nat. Ins. Co. (Tex. Com. App.) 280 S. W. 762; American Nat. Ins. Co. v. Burns (Tex. Civ. App.) 273 S. W. 339; Texas Glass & Paint Co. v. Fid. & Dep. Co. (Tex. Com. App.) 244 S. W. 113; Traveler's Ins. Co. v. Scott (Tex. Ciy. App.) 218 S. W. 53; Southern Casualty Co. v. Landry (Tex. Civ. App.) 266 S. W. 804; American Surety Co. v. Blaine (Tex. Civ. App.) 272 S. W. 828.

■■ There is nothing illegal in such contract. It was the duty of the insured, if he desired to avoid the provisions of the policy, to show a waiver or a substantial compliance with the terms of the insurance policy. The policy required the insured to furnish proofs of loss within a specified time, and it is held that a compliance with the requirement is a condition precedent to a recovery, unless waived by the company. The Sun Mutual Insurance Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; Scottish Union & National Insurance Co. v. Clancy, 71 Tex. 5, 8 S. W. 630; Scottish Union & National Insurance Co. v. Clancy, 83 Tex. 113, 18 S. W. 439.

■■ The law places the burden of proving all the essential elements of a waiver on the plaintiff. The burden rested upon plaintiff to allege and prove that he had complied with the provisions of the policy with reference to the furnishing of proofs of loss as a condition precedent to a recovery or show that the insurance company had by its acts waived a compliance therewith. The testimony is undisputed that plaintiff was injured on December 23, 1925, and that he furnished proofs of loss for a period of time from January 28, 1926, to June 2, 1926. It is not contended that he furnished any other proofs of loss after that time. To meet the contention made by the insurance company that plaintiff had failed to comply with the provisions of the policy by furnishing proofs of loss, it is contended that the company, by receiving the proofs of loss and failing to pay for the injuries for which the proofs were furnished, constituted a waiver, as to the requirement that other proofs of loss be furnished as stipulated in the policy.

■ The rule is unquestioned in this state that where the insurance company denies liability under the terms of the policy, that a compliance with the policy to furnish proofs of loss is waived and a recovery may be had thereon without furnishing such proofs. Sun Mutual Insurance Co. v. Mattingly, 77 Tex. 162, 13 S. W. 1016; East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287.

The rule is stated, and seems to be based upon sound authority, that mere silence of the insurer, even with knowledge of the loss and failure of insured to file proofs of loss within the required time, will not constitute a waiver thereof, as a matter of law. Cooley's Briefs on Insurance, vol. 7 (2d Ed.) p. 5992; 14 R. C. L. p. 1347, § 519.

■ However, the testimony shows that on the dates aforesaid plaintiff furnished the defendant the proofs of loss with respect to his claims under the policy and that the company received and retained the proofs without any complaint and failed and refused to pay plaintiff for the amounts described therein. Defendant in error contends, under all the facts, that after furnishing the proofs of loss to the company, as he did, and not hearing from the company, and the company failing to pay him for the proofs already made, that he had the right to conclude that the company intended to deny liability under the provisions of the policy, and therefore he did not furnish additional proofs of loss. We think that if the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy with respect to the proof of loss, and if the company, on receiving the proofs of loss furnished, and by its acts and continued silence, may so mislead the insured to his disadvantage, believing that it had denied liability under the terms of the policy, this would be sufficient evidence to raise the issue of waiver by estoppel. Therefore, it would become a question of fact to be determined. Cooley's Briefs on Insurance, vol. 5 (2d Ed.) pp. 4563, 4564, 4565, 4566; North River Ins. Co. v. Rippy (Tex. Civ. App.) 23 S.W.(2d) 853, 854; Hayden v. Houghton (Tex. Civ. App.) 24 S. W. 803; Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745 (writ of error refused).

■ It is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon, that the trial court, under the statutes and decisions, if the facts justify it, could find on such omitted issues as are in accord with and supplemental or incidental to and which supports the issues of fact which were submitted and found by the jury and upon which the judgment is based; but that the trial court would not have authority to make findings

upon independent grounds of recovery or grounds of defense wholly neglected and ignored by the parties to the suit and support a judgment upon such findings in the face of the issues submitted, and regardless of the findings by the jury. Such issues are held to have been waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; Bulin v. Smith (Tex. Com. App.) 1 S.W. (2d) 591.

We are of the opinion that the evidence raised the issue of waiver on the part of the insurance company; that this was an ultimate issue to be passed upon by the jury; that a finding thereon by the jury was necessary before a valid judgment could be rendered against the insurance company for claims made for loss of time from disability after June 2, 1926; that this issue should have been submitted to the jury and a finding by them made thereon; and that the trial court, under the facts of this case, had no authority to enter the judgment rendered. The trial court could have entered judgment for the amount claimed under the proofs of loss actually furnished, but it did not do so, but included other items not justified by the findings made to the issues submitted to the jury. Therefore, the judgment of the trial court is not supported by the verdict, there being no finding by the jury upon the issue of waiver of the proofs of loss on the part of the insurance company, and such finding being necessary to support the judgment for the amount rendered against it.

We sustain the foregoing contention.

Plaintiff in error contends that special issue No. 1 in the court's charge was multifarious, in that it combined three issues of fact, to wit:

(a) Whether plaintiff was disabled solely from the injury complained of;

(b) Whether he was disabled at once and continuously after the occurrence of the injury; and

(c) Whether he was totally disabled.

Question No. 1 reads as follows: "Was or was not the plaintiff solely, from the injury complained of, at once and continuously, after the occurrence of the same, totally disabled for any period of time? Answer 'yes' or 'no.'"

It is insisted that the foregoing question is condemned in the opinion rendered in Lumbermen's Reciprocal Association v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972, 973, and other decisions cited.

The issue involved in that opinion reads as follows: "Was or not the injury received by G. T. Wilmoth such as to totally and permanently incapacitate him from following any gainful occupation?"

It was held in that case that article 2189, R. S. 1925, requires the special issue shall be submitted distinctly and separately; that the issue submitted in that case did violate the provisions of the statute. It was held that the issue combined two separate and distinct questions of fact, one of which might be answered by the jury in the affirmative, and the other in the negative, or vice versa. It was further held that "a disability may be total, but temporary, or it may be permanent, but partial. The questions as to the totality of the incapacity and the duration of the injury should have been submitted as separate issues." The question as to whether the disability was such as to totally and permanently incapacitate the insured is not involved here. The question submitted in this case was limited to the question as to whether or not plaintiff was totally disabled for any period of time caused solely from the injury complained of.

Since the case will be reversed and remanded for a new trial, we think it proper to call attention to the wording of this and other issues submitted by the court to the jury. The use of the words "was or was not the plaintiff solely" injured, etc., in the question, followed by instructions for the jury to answer same "yes" or "no," is confusing. The question in its form cannot be answered categorically "yes" or "no" and leave the meaning of the answer free of all uncertainty. It is true when considered in the light of the answers made by the jury to the other questions it is sufficient to support a judgment.

The better practice would be to so frame the questions in such a manner as not to leave the answers of the jury in doubt as to what was intended.

In view of the frequency with which we are called upon to determine the correctness of the form of special issues, we desire to suggest that the least objectionable method of procedure is for the trial court to propound the question to be submitted in the form, "Do you find from the preponderance of the evidence that" (following with the question to be determined), so framing the question, upon each issue, as to place the burden of proof where it properly belongs.

We forego a discussion of the other assignments raised, because they will not likely arise during another trial.

We therefore recommend that both the judgments of the trial court and the Court of Civil Appeals be reversed and this cause be remanded to the district court for another trial in accordance with this opinion.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the

cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.