## PEOPLE'S NAT. FIRE INS. CO. v. TEXARKANA NAT. BANK et al.

### No. 1109.

Court of Civil Appeals of Texas. Eastland.

May 5, 1933.

Rehearing Denied May 26, 1933.

T. M. West and Nat L. Hardy, both of San Antonio, for plaintiff in error.

King, Mahaffey, Wheeler & Bryson, of Texarkana, and Bouldin & Zivley, of Mineral Wells, for defendants in error.

LESLIE, Justice.

This is a companion case to that of the Ætna Insurance Company v. Texarkana National Bank, Trustee, et al., 60 S.W.(2d) 251, disposed of by this court in an opinion of date April 28, 1933. With immaterial variations the facts of the two cases are the same and the records in this court are substantially the same. The opinion in the case referred to gives the comprehensive statements of the facts and the nature of the pleadings. At the conclusion of the trial before the court and jury a peremptory instruction was given in favor of the plaintiffs, and the defendant brings writ of error. The parties will be referred to as in the trial court.

The defendant has briefed three propositions based upon twelve assignments of error. The first and third propositions are in substance the same. The first is to the effect that the defendant's policy did not become effective for the reason that the policy in the General Insurance Company of North America (for which the People's policy was intended as a substitute) was never canceled according to its terms and provisions; and the third proposition makes the contention that, since it was necessary to recovery for the plaintiffs to show that the cancellation of the General Insurance policy had been accepted by both owner and mortgagee, and such not appearing from the undisputed evidence, the issue of such acceptance and ratification should have been submitted to the jury.

In urging the third proposition the defendant in its brief refers to the "statement and argument given under the first proposition" and they apply with equal force to this one. These propositions have been discussed fully in our opinion referred to of date April 28th,

and for the reasons therein assigned they are here overruled. As stated in that opinion, the undisputed evidence is that there was no intention upon the part of any one of the interested parties to have more than $5,000 insurance on the property.

The second proposition presented was not urged in the appeal of the Ætna Insurance Case and it is now given independent consideration. It presents the contention that the defendant is not liable for interest under the terms of the policy until sixty days after the filing of the proof of loss, or until after a denial of liability, and that, in the absence of evidence showing the filing of a proof of loss, and since there was neither pleading nor proof of denial of liability, it was error to render a judgment for interest beginning October 19, 1931. It will be observed that the building was totally destroyed by fire August 19, 1931. There is an allegation in the plaintiff's petition that notice of such loss was given to the company August 20th. In a paragraph specifically alleging the facts of the case judgment was claimed in the amount of $1,500 "with interest thereon at the rate of 6% per annum from the expiration of sixty days from the giving of notice." In the prayer judgment for the same amount was asked "with interest thereon from October 19th, 1931."

There is no allegation in the pleadings that the proof of loss was ever furnished by the plaintiffs. There is nothing in the statement of facts evidencing that it was or was not furnished. There is nothing in the testimony to indicate that the defendant ever denied liability until the defendant filed its original answer March 1, 1932. The policy provided: "The loss shall not become payable until sixty days after the ascertainment, examination and satisfactory proof of loss herein required have been received by this company. * * *" The policy provided for proof of loss within 91 days after the fire. Under these facts and circumstances the court erred in awarding interest from October 19, 1931, the same being 60 days after notice of loss. The provision as to proof of loss is effectual. Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779; Queen Insurance Co. v. Jefferson Ice Co., 64 Tex. 578, 583; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Great American Ins. Co. v. D. W. Ray & Son (Tex. Com. App.) 15 S.W.(2d) 223, paragraph 6; Austin, Banking Com'r, v. Aetna Cas. & Surety Co. (Tex. Com. App.) 300 S. W. 638; American Surety Co. v. Blaine (Tex. Civ. App.) 272 S. W. 828.

The plaintiffs are entitled to interest from March 1, 1932. On that day the defendant filed its answer and for the first time denied liability in so far as that fact may be gathered from this record. As an authority for this holding we cite Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435 (writ of error refused). Following that authority the judgment of the trial court is reformed so as to allow the plaintiffs a recovery of interest at the rate of 6 per cent. per annum from March 1, 1932, to the date of judgment in the trial court.

As reformed the judgment will be affirmed.