## TEXAS STATE MUT. FIRE INS. CO. v. LAW. (No. 7153.)*

Court of Civil Appeals of Texas. Austin. Nov. 2, 1927.

Rehearing Denied Nov. 23, 1927.

1. Insurance ⊜⇒376(1)—Policy held to prevent estoppel by agent's statement, that additional insurance would be all right.

Insurer issuing fire policies providing that agent could not waive any provisions unless authorized in writing by one of officers named held not estopped to forfeit policies for breach of concurrent insurance clauses by agent's statement to insured, after delivery of policies, that additional insurance subsequently obtained would be "all right" with him and insurer.

2. Insurance ⊜⇒136(5)—Insured is bound by policy, whether read or not, in absence of showing that he was prevented from reading it.

Insured is bound by terms of his policy, whether he read it or not, in absence of showing that he was prevented from doing so, and ignorance of its contents will not relieve him from binding force of its warranties.

3. Insurance ⊜⇒93—Agent's acts, not within scope or apparent scope of authority, nor communicated to insurer, are not binding on latter.

Insurance agent's acts, not within scope or apparent scope of his authority and not communicated to insurer, are not binding on latter.

4. Insurance ⊜⇒376(1)—Insurer is not estopped to forfeit policy by agent's wrongful acts contrary to provisions expressly limiting authority.

Insurer cannot be estopped to forfeit policy by agent's wrongful acts contrary to provisions thereof expressly limiting his authority.

5. Insurance ⊜⇒378(1)—Employment of agent only to solicit insurance, deliver policy, and collect premium is terminated thereby, and his knowledge subsequently obtained is not that of insurer.

Employment of agent only to solicit insurance, deliver policy, and collect premium is terminated with respect to given policy by completion of such acts, and knowledge obtained by him thereafter is not knowledge of insurer, as respects forfeiture.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Consolidated actions by W. L. Law against the Texas State Mutual Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Tyler & Hubbard, of Belton, for appellant. Walter Miller and J. W. Thomas, both of Belton, for appellee.

BAUGH, J. This is an appeal from a judgment in the district court of Bell county, Tex., in favor of appellee against appellant, a mutual fire insurance company, for the full amount of two fire insurance policies on property owned by him and totally destroyed by fire. The policies were sued on separately, but the suits were consolidated. The only question involved is whether the appellant was entitled to declare a forfeiture under the express terms of the policies. The policies contained, amongst others, the following provisions which were relied upon by appellant to defeat appellee's suit:

"Unless otherwise provided by agreement in writing, added hereto, this company shall not be liable for loss or damage occurring: (a) While the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

Said policy also contained the following provision with reference to the power of its agents on the issue of waiver:

"The agents of this company, other than the president, vice president, secretary, or treasurer, have no authority to represent it unless authorized by one of said officers in writing, except in the solicitation of applications for insurance, and if the home office shall issue a policy upon such application, the soliciting agents have authority to deliver said policy and receive in payment the amount of the premium. But no agent of this company except the above-named officers at the home office has any authority to grant any extension of the payment of any premium hereunder, or to renew or extend this policy if it should lapse for any cause, or to waive, change, or alter any of the provisions, stipulations, and conditions in said policy, without the written consent of one of the above-named officers, all of which is hereby mutually understood and agreed."

It is uncontroverted that appellee carried other insurance in another company in violation of the provision above set out at the time of the fire, and that such additional insurance was not authorized by appellant, nor by any of its officers above named. Only R. M. Scott, the local agent at Belton of appellant company, knew that such concurrent insurance was so carried. This was disputed by Scott, but the jury in answer to a special issue submitted to them found that he had such knowledge prior to the date of the fire. The trial court's judgment was based upon his finding that appellant was estopped to assert forfeiture against appellee under the circumstances.

─────────

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted.

[1] Briefly, the testimony on this issue was substantially as follows: W. L. Law owned a farm residence in Bell county on which he had secured from appellant an original policy for $1,600. Subsequently he improved his property and was issued an additional policy for $700 on the 10th of April, 1923. He thereafter made further improvements on his property, and early in 1925 went to R. M. Scott at Belton and sought still more insurance in appellant company. Scott advised appellee that his company would not carry any more insurance on said property because it was occupied by a tenant, and declined to apply for same. Appellee then advised Scott that he would seek additional insurance in some other company. He secured $700 more insurance with the National Fire Insurance Company of Galveston, so advised Scott, and asked him if that would affect his policies in appellant company. According to appellee's testimony, Scott told him both before and after appellee procured the additional insurance that it would be "all right" with him and with appellant company. Appellee also testified that he relied upon this information given him by Scott in procuring additional insurance, and, had he known that such additional insurance would have affected his policies with appellant, he would not have taken same. His testimony in effect was that he relied upon information furnished by the agent and did not look to his policy for such information.

In doing this, appellee's conduct was doubtless in keeping with the common experience of policyholders generally. But unfortunately this does not excuse him in this instance. The validity of this forfeiture clause is not attacked. Nor is it questioned that the insurance company could properly limit the authority of its agents as provided in its policy. The only ground relied upon by appellee to defeat forfeiture of said policies by appellant is estoppel based upon an implied waiver of the concurrent insurance clause. Appellee has cited numerous cases on the questions of notice to the principal, waiver by the principal and the general rules of construction of insurance policies most favorably to the insured. But the cases cited apply to general agencies and to special agencies not similar to the one here involved.

[2] Had Scott been given information as to concurrent insurance in another company on the property destroyed when he forwarded the applications on which either of the policies sued on was issued, the company would have been bound by it whether he had communicated such information to appellant company or not. Such knowledge would have been imputed to the company. Southern Mut. Fire Ins. Co. v. Mazoch (Tex. Civ. App.) 291 S. W. 258. But in the instant case appellee had no other insurance than that in appellant company when its policies were delivered to him. Under the express terms of these policies the agency of Scott with reference thereto was then terminated. He had no authority to waive any of its provisions, unless given such in writing by one of its officers named, and appellee was so advised in express language in the policy itself. It is not contended that any such authority was so granted to Scott, or that Scott advised the company prior to the date of the fire that appellee had taken out additional insurance in another company. Appellee was bound by the terms of his policy whether he read it or not, in the absence of any showing that he was prevented from doing so, and ignorance of its contents will not relieve him from the binding force of its warranties. Ætna Ins. Co. v. Holcomb, 89 Tex. 410, 34 S. W. 915.

[3-5] Nor can acts of the agent Scott, not within the scope or apparent scope of his authority and not communicated to the principal, be binding upon it. Limitations upon his authority were specifically stated in the policy, one of which was that he could not waive the provision against concurrent insurance, and the company cannot be estopped by his wrongful acts contrary to its express provisions. Texas State Mut. Fire Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1090. See, also, Texas State Mut. Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1034. The general rule as stated in 26 C. J. 298, and supported by numerous authorities, is:

"If a person is an agent only to solicit insurance, deliver the policy, and collect the premium, his employment with respect to a given policy is terminated by the completion of such acts, and consequently knowledge obtained by him thereafter is acquired beyond the course of his employment and is not the knowledge of the insurer."

Under the decisions and the facts of this case, considered in the light most favorable to appellee, we have no alternative but to reverse the judgment of the trial court and here render judgment in favor of appellant.

Reversed and rendered.

BLAIR, J., not sitting.