**GREAT AMERICAN INS. CO. v. D. W. RAY & SON. (No. 642.)**

Court of Civil Appeals of Texas. Waco. Feb. 16, 1928.

Rehearing Denied March 22, 1928.

1. **Insurance** ☞229(3)—**Insurance agent held authorized to accept cancellation of policy for insured.**

Insurance agent *held* to have authority to accept cancellation of policy for insured, though 5-day notice was not given to insured personally, where insured had instructed agent to keep property insured, since insurance agent may be agent of both insured and insurer.

2. **Insurance** ☞598—**Insured is entitled to interest from date of fire, where there is total loss, and insurer denies liability.**

Where there is total loss of property insured, it becomes a liquidated demand, and, if insurance company denies liability and refuses to pay, insured is entitled to interest from date of fire.

3. **Appeal and error** ☞1033(8)—**In action on fire policy, allowance of interest from date 60 days after fire held not error of which insurer could complain.**

In action on fire insurance policy, allowance of interest from date 60 days after fire *held* not error of which insurer could complain, notwithstanding policy provision that insurer had 60 days after proof of loss in which to pay, since insured is entitled to interest from date of fire.

Error from District Court, Navarro County; Hawkins Scarborough, Judge.

---

Action by D. W. Ray & Son against the Great American Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Richard & A. P. Mays, Lawrence Treadwell, and Davis, Jester & Tarver, all of Corsicana, for defendants in error.

BARCUS, J. This suit was instituted by appellees against appellant to recover the amount due on a $5,000 insurance policy issued by appellant on December 2, 1925, to appellees, covering a gin at Kerens, Tex. Appellant denied liability and refused to pay any portion thereof.

Joe Sheppard, representing a number of insurance companies, wrote $24,500 insurance on the gin property owned by appellees. The policies were all on standard form and provided for concurrent insurance to said amount. There were ten different items of property covered by said policies, varying in amounts. On December 3, 1925, under the jury's findings, eight of the items covered by the insurance were destroyed by fire. According to the proof of loss as made by the assured, seven of said items were totally destroyed and the metal tanks and towers were damaged to the extent of $232.95 and the seedhouse was damaged to the extent of $50. The jury found that the seedhouse was not damaged. Some of the items were insured for a small percentage of their value, as found by the jury, and others at a much higher percentage of valuation. Appellants in their motion for new trial alleged that the maximum amount for which the trial court was authorized to enter judgment for appellees under the jury's findings was $4,320.89. It appears from appellees' calculation the court was authorized to enter judgment for them for $4,711.40. The court actually entered judgment in favor of appellees for $4,309.71, with interest at 6 per cent. from February 3, 1926.

It appears that Joe Sheppard represented a number of different insurance companies and had written all of the insurance on appellants' gin properties in October, 1925, same having been written in some half dozen different companies. Two or three of the companies in which he wrote insurance originally wired him to cancel the insurance, which he did, and he then rewrote the insurance in other companies. He wrote one policy for $5,000 in the Royal Insurance Company and received a wire from it to cancel same, which he did immediately and returned said canceled policy to said company, and then wrote the insurance in appellant company. Sheppard had kept in his possession all of the policies of insurance on said gin property. After he canceled the policy in the Royal Insurance Company and wrote the policy in appellant company, on December 2, 1925, he took all of the policies, totaling $24,500, to appellees' office and delivered same to them. Mr. Sheppard testified that—

"Mr. Ray's [one of appellees] instructions to me with reference to keeping his property covered was he told me that whenever he had a policy to expire to always keep him covered in good companies. That is about the substance of what he told me."

There is no evidence which in any way indicates that appellees knew in what company or companies their insurance was being carried. The policy issued in appellant company was with all the other policies delivered to appellees on December 2d. Appellees paid the total premiums thereon, and the premium on the policy issued in appellant company, to wit, $182.50, was, with the report of Mr. Sheppard, sent to appellant, which received the premium and made no complaint at said time of the policy being issued. At the time Mr. Sheppard received notice to cancel the policy which he had issued in the Royal Insurance Company he canceled said policy and returned. same to said company and issued the policy in appellant company without having in any way communicated any of said facts to appellees.

[1] Appellant contends that, by reason of Mr. Sheppard having issued the policy in the Royal Insurance Company, said company was bound, and the issuance by Mr. Sheppard of the policy in appellant company was not a binding obligation because appellees had only requested a total insurance of $24,500, and under the standard form of policy, the policy issued by the Royal Insurance Company could not be canceled until after the expiration of 5 days' notice given to appellees, and since no notice was given to appellees, said policy had not been in law canceled; appellant's contention being that Mr. Sheppard, as agent, did not have the authority or power to accept the cancellation for appellees and thereby bind appellees. We overrule this contention. It seems to be the well-settled principle of law that the insurance agent may be both the agent of the assured as well as of the insurance company. Norwich Union Fire Insurance Co. v. Dalton (Tex. Civ. App.) 175 S. W. 459; Id. (Tex. Com. App.) 213 S. W. 230. Appellant seems to recognize this rule, but contends that, in order for the insurance agent to have authority to bind the assured in the acceptance of a notice of cancellation, he must have positive instructions from the assured governing said question. As above stated, appellees had instructed Mr. Sheppard to keep their property insured, and, if at any time a policy expired, to reissue and to always keep them insured in good companies. In addition, it is shown without dispute that the policy in controversy was not only issued but was actually delivered to and received by appellees prior to the time the fire occurred on December 3, 1925.

[2, 3] Appellants further contend that the trial court was in error in allowing interest from February 3d instead of from April 26th. It appears from the record that the fire occurred on December 3d and that the proof of loss was filed on February 26th, and the policy provides that the appellant has 60 days after proof of loss in which to pay the policy. There was no pleading with reference to these provisions by appellant. Appellees alleged that the property was totally destroyed. The finding of the jury was to the same effect. Our courts hold that, where there is a total loss of the property insured, same becomes a liquidated demand, and, if the insurance company denies liability and refuses to pay any portion of the policy, the assured is entitled to interest from the date of the fire. Northern Assurance Co. v. Morrison (Tex. Civ. App.) 162 S. W. 411; Camden Fire Ins. Co. v. Bomar (Tex. Civ. App.) 176 S. W. 156. We do not think there was any error of which appellant can complain in the court's allowing interest from February 3, 1926, which was 60 days after the date of the fire. We have examined all of appellant's assignments of error and same are overruled.

The judgment of the trial court is affirmed.