## NATIONAL LIFE & ACCIDENT INS. CO. v. SIKES et al. (No. 3537.)

Court of Civil Appeals of Texas. Texarkana. May 4, 1928.

On Rehearing May 24, 1928.

1. Insurance ⊜⇒175—Payment of advance premiums on delivery of policy did not extend insurer's liability beyond policy, where receipt required payment with application to make insurance immediately effective.

Where receipt for premiums required payment of advance premiums at time of application to create insurance contract before policy applied for became effective, liability of insurance company, to which premiums were paid at time of delivery of policy, depended on terms of policy alone.

2. Insurance ⊜⇒175—Death of insured on date borne by policy rendered policy void under provision requiring insured's good health on policy date, though policy was previously delivered.

Where insurance policy provided that no obligation was assumed by company unless insured was alive and in sound health at date of policy, insured's death on date borne by policy prevented recovery thereon, though insured was in good health at time of delivery of policy two days before and advance premiums were paid at time of policy's delivery, since under such circumstances provision in receipt permitting insurance to become effective in case of payment of advance premiums with application was not applicable.

3. Insurance ⊜⇒143(3)—Plain provisions of policy cannot be evaded by failure of insured to read it.

Plain provisions of policy cannot be evaded upon the ground that the policy was not read by insured or his agent at the time it was delivered.

Error from Hunt County Court; N. E. Peak, Judge.

Action by Mary Kate Sikes and others against the National Life & Accident Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Thompson & McWhirter, of Greenville, for plaintiff in error.

L. L. James and C. W. Evans, both of Greenville, for defendants in error.

HODGES, J. This appeal is from a judgment in favor of the defendants in error and against the plaintiff in error upon an insurance policy. The facts show that in July, 1925, the plaintiff in error issued a policy of insurance for the sum of $339 on the life of Bennie Norval Sikes, a son of the defendants in error. Mrs. Mary K. Sikes, the mother of the insured, was named as the beneficiary. The premiums were payable weekly, and four weekly payments had been paid in advance. The application for the insurance was made on July 18, 1925, and the policy was delivered on that day. However, the policy was dated July 20. The insured was in good health at the time the application was made and the policy delivered; but he was fatally injured on the next day thereafter, and died the night of the 20th, the date borne by the policy.

In the trial below and in this appeal plaintiff in error relies upon the terms of the policy for its denial of any liability. The policy contains, among other things, the following provision:

"No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums shall be returned."

B. G. Sikes, the father of the insured, testified that the application was made by his son on the 18th day of July, through an agent by the name of Cozart. He paid four weekly premiums in advance and took a receipt from the agent for $1.80, which included those premiums and premiums due on other policies issued prior to that time. He further testified that at the time the policy was delivered the agent informed him that if he would pay four weekly premiums in advance the policy would take effect from date. No explanation is offered as to why a policy dated the 20th was delivered on the 18th. Sikes testified that he first learned the true date of the policy sometime after the death of his son. He did not read the policy at the time it was delivered to him.

Defendants in error introduced in evidence the following receipt issued by the agent at the time the weekly premiums were paid:

"The National Life & Accident Insurance Company, Nashville, Tennessee.

"Incorporated under the laws of Tennessee 7/18/1925.

"Received of Ben Sikes $1.80 for a deposit of $1.80 weekly premiums on account of application for insurance in the National Life & Accident Insurance Company made this date. If the application is accepted and a policy issued this sum will be applied toward payment of the premium thereon. If the application is rejected the amount will be returned to applicant.

"No obligation is incurred by said company by reason of this deposit unless and until a policy is issued upon said application, and unless at the date of delivery of said policy the life proposed is alive and in sound health. Except that if the life proposed is now in sound health and the amount paid by applicant at the time the application is written is not less than four weekly premiums and this receipt detached from the original application covering said payments is surrendered to the company, the com-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pany agrees, if the application is approved at the home office in Nashville, Tenn., that should death occur prior to the delivery of this policy it will nevertheless pay such amount as would have been due under the policy if issued. No obligation is assumed by the company unless the application is so approved and the life proposed is now in sound health. 4 wks.
"[Signed]   G. P. Cozart, Agent."

There is no contention in this appeal that the agent who issued and delivered the receipt was not authorized to execute it and bind the company by its terms. The receipt plainly fixed a liability against the company for a death occurring before the delivery or date of the policy, if the conditions named in the receipt were complied with—the payment of four weekly premiums in advance. That liability, however, was contingent upon the acceptance of the application for the insurance. In this case that contingency occurred. It follows, then, that according to the terms of the receipt, the company, at the time the application was accepted, became liable to the beneficiary for a death occurring before the policy took effect. If the insured had died after the application and prior to the delivery of the policy, clearly there would have been a liability under the terms of the receipt. The fact that he died after the delivery of the policy, from an injury inflicted after the issuance of the receipt and before the policy became effective, did not alter that liability.

The defendants in error pleaded fraud, accident, and mistake in dating the policy later than the day of its delivery. Ordinarily the true date of an insurance policy is the date that it is issued and signed by the proper officials of the company, and it becomes effective from the time it is thereafter delivered. There is nothing in the record to indicate that this policy should have borne a date subsequent to its actual delivery by the agent.

We think the beneficiary was entitled to recover, and the judgment is affirmed.

### On Rehearing.

[1-3] This case was affirmed upon a misapprehension of the facts. The receipt introduced in evidence and copied in the original opinion shows that in order to create a contract of insurance before the policy applied for becomes effective the advance premiums must be paid at the time the application for the insurance is made. It conclusively appears from the evidence in this case that the application for the insurance was made about July 1st, but the advance premiums were not paid till July 18th, after the policy had been issued and delivered. Hence the contract of insurance depends upon the terms of the policy alone. The policy provides, in effect, that it shall be void if the in-

sured is not in sound health on the date the policy becomes effective. As previously stated, the proof shows that the insured was not in sound health on the date this policy by its terms became effective. It is true he was in good health on the date it was delivered; but by its express terms the policy did not take effect until the 20th. The insurer had a right to contract for liability upon a policy of that kind. Its plain provisions cannot be evaded upon the ground that the policy was not read by the insured or his agent at the time it was delivered.

The judgment heretofore rendered will be set aside and judgment here rendered in favor of the plaintiff in error.