## NATIONAL UNION FIRE INS. CO. v. POOL.
### (No: 3058.) .

Court of Civil Appeals of Texas. Amarillo.
June 20, 1928.

Thompson, Knight, Baker & Harris, of Dallas, and Turner, Culton & Gibson, of Amarillo, for appellant.

L. C. Penry, of Stamford, for appellee.

JACKSON, J. This suit was instituted in the district court of Randall county, Texas, by J. S. Pool, the appellee, against the National Union Fire Insurance Company, the appellant, to recover the sum of $2,000 on a policy of fire insurance issued by appellant to appellee.

The appellee alleges that on August 10, 1926, through its agent, the appellant issued to him the policy sued on, insuring his residence for a period of three years from said date in the sum of $1,500 and his furniture in the sum of $500 against loss by fire; that at the time the policy was issued appellee paid the agreed consideration for the issuance of said policy; that on May 9, 1927, while said policy was in force, appellee's said residence and furniture were totally destroyed by fire; that appellee gave notice to appellant of such loss and asked an adjustment thereof; that appellant, under the terms of said policy, was obligated to pay ·to appellee a sum not to exceed $2,000; that the reasonable value of said residence and the furniture, at the time of its destruction by fire, was $3,500; that, although the appellee had complied with the terms of his contract of insurance, the appellant denied liability on the policy, and declined and refused to pay .the same or any part thereof.

The appellant answered by general demurrers, general denial, and pleaded:

That the policy was issued and accepted, subject to the terms and conditions therein contained: that the appellee contracted and agreed to pay certain premiums for said policy, a part of which was evidenced by a promissory note for the sum of $25.33, dated August 9, 1926, payable to appellant at Pittsburgh, Pa., on May 1, 1927, which note, among 'other things, provided:

"That it is hereby agreed that, in case of nonpayment of this note at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company at Pittsburgh, Pennsylvania, and in the event of nonsettlement for time expired, as per terms in contract, the whole amount of note may be declared earned, due, and payable, and may be collected by law."

That said note was accepted by appellant and was not paid at maturity by appellee, but he defaulted in the payment of said note, which was past due at the date of the fire, and said policy was not in force when the property was destroyed, but was suspended from operation by the default of appellee in failing to pay said note at maturity, and appellant is not liable to appellee on said policy.

In a supplemental petition, the appellee, in reply to appellant's answer, pleads that one-third of the premium was paid in cash at the time the policy was issued, which contained no provision of forfeiture or suspension; that he neither read the note nor was it read to him, and no such provision was called to his attention, and he supposed that the note was an ordinary promissory note; that, about three years before he obtained the policy sued on, appellant had insured for him, through the same agent, the same property for a term of three years, and he had paid the premium, part cash and given notes for the balance; that in the dealings with appellant on said first policy it was its rule and custom to notify appellee, about 30 days prior to the maturity of the premium notes, of the date on which a note was due, and, if the note was not paid at its due date, another notice was sent by appellant, calling appellee's attention to the fact that the note had not been paid; that it was the universal custom of appellant to notify its policy holders in Canyon by written notice, about 30 days before the note became due, of the approaching due date thereof, and also to send such notice to its

local agent in Canyon; that, at the time he obtained the policy sued on and executed the note, he knew of said custom and did not charge his memory with the maturity date of the note, but relied on the custom of appellant to give him written notice thereof, which it failed to do; that he was ready, able, and willing to pay said note when it became due, and would have paid it if he had been notified of its maturity, all of which appellant and its agent knew, and that appellee acted as an ordinarily prudent person would under similar circumstances; that by reason of appellant's custom to notify its policy holders in Canyon of the due date of the premium notes held by it, some 30 days in advance, and its failure to give appellee any notice whatever of the approaching maturity of the note, or that it was past due, appellant is estopped to claim the suspension or forfeiture of the policy, on account of appellee's failure to pay said note on its due date, May 1, 1927. The appellee, in his pleadings, offered to pay the amount of the note, with any accumulated interest thereon.

In a supplemental answer, appellant urged certain exceptions to the effect that the allegations in appellee's supplemental petition did not set up facts which would constitute an equitable estoppel; that appellee had defaulted in the payment of the notes given for the first policy; that appellant had notified him of the stipulation in the note suspending the policy on default in payment when due, and, if appellee was ignorant of such provision, it was due to his gross negligence.

In answer to special issues submitted by the court, the jury found that it was the custom of appellant to notify a policy holder of the due date of his premium note 30 days before the maturity thereof; that, if the note was not paid when due, it would again notify the policy holder that the note was past due and unpaid; that it was not the custom of appellant, when the premium note was due, to send it to the local agent at Canyon, with instructions to present it to the maker for payment; that no such notice was sent to appellee; that appellee knew of such custom, and relied thereon; that the agent of appellant at Canyon knew that appellee was relying on such custom, and that an ordinarily prudent person, under the circumstances, would have relied on such custom, and deferred the payment of the note until such notice was received; that appellee's failure to pay the note before May 9, 1927, was caused by his reliance on such custom; that appellee did not know, before May 9, 1927, when the note was due, and was not required, by the exercise of ordinary diligence, to know when the note was due; that appellee did not know of the clause in the note suspending his policy for default in the payment of the note, and that his failure to know was not due to his negligence.

Based on these findings, the court rendered judgment against appellant and in favor of appellee for the sum of $2,000, together with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, and all costs of suit, from which judgment this appeal is prosecuted.

■ Appellant's assignments of error may be considered together, as they challenge the action of the court in overruling its exceptions to the effect that the facts alleged by appellee in his supplemental petition are not sufficient to constitute an equitable estoppel; that the court should have directed a verdict in its behalf, and the findings of the jury are not supported by the testimony, and would not, if warranted by the evidence, authorize the judgment against it.

Appellee testified in substance that the premium on the first policy issued to him by appellant, three years prior to the policy sued on, had been paid by him part cash and the balance in notes; that he was notified by appellant of the approaching due date of said notes; that he failed to pay on the due dates thereof, and was again notified that the notes were past due; that, at the time the agent inspected the property for the issuance of the first policy, he told appellee that appellant and other insurance companies customarily notified policy holders of the approaching maturity of their premium notes; that appellee could not say that he knew anything about appellant's "custom with reference to notifying policy holders concerning the payment of their premium notes"; that he knew the way they treated him on the prior policy; that he did not recall any other person who had insurance with the company, for which premium notes were given; that he did not read the notes, but could have done so, and his failure to read them was his own fault; that the note due May 1, 1927, for part of the premium for the policy sued on was never paid; that he was never asked to pay it, and never offered to pay it before the fire, which occurred May 9, 1927, and entirely destroyed the residence and furniture which was the property insured.

The agent of appellant, called as a witness by appellee, testified that he had written a great deal of business for appellant in the form of deferred payment notes; that he did not know what the custom of appellant is or was relative to giving notice of the approaching maturity date of premium notes or of past-due notes; that he only knew how they handled specific cases; that, when the company gave notice to the insured relative to the notes, he, the agent, was furnished with a copy of the notice; that he had copies of seven notices to policy holders, notifying them of the approaching maturity of their premium notes, and advising

the insured on what date the note would become due, and also directing the attention of the insured to the fact that the policy would be suspended during the delinquency of any part of the premium; that the appellant sometimes sent notice after the notes were due, and each notice advised the insured that he had no protection under the policy until the note was paid.

The record discloses that the notices sent to appellee relative to the premium notes he had given on the first policy did advise him of the clause in the notes suspending his insurance on default in the payment of the note at maturity. The insurance policy provided in substance that it was issued subject to the terms and conditions therein contained, and that no officer or agent or other representative had the power to waive any provision or condition of the policy, and that no privilege or permission affecting the insurance under the policy should be claimed by the insured, unless such privilege or permission was in writing. The note introduced in evidence contained the suspension clause on default of payment, as pleaded by the appellant.

It will be noted that appellee did not plead fraud, accident, or mistake, nor allege any representations made by appellant's agent relative to the custom of appellant in notifying policy holders of the approaching due date, or that the due date of the note was past, or any waiver by appellant of the terms of the note. The appellee testified that his failure to read the note and know of the suspension clause contained therein was his own fault, and under the facts revealed by this record he could not avail himself of the lack of such information. Texas State Mutual Life Insurance Co. v. Law (Tex. Civ. App.) 3 S.W.(2d) 505; National Equitable Society v. Carpenter (Tex. Civ. App.) 184 S. W. 585; Parrott v. Peacock Military College (Tex. Civ. App.) 180 S. W. 132.

Appellee's testimony also discloses that any statements made by appellant's agent relative to its custom were made prior to the issuance of the policy, and he would not be permitted to show, in order to establish an estoppel, the declaration of the company's agent made prior to the time the contract was completed. 3 Joyce on Insurance, par. 1354.

"The policy of insurance and the notes given for the premiums thereon, being executed contemporaneously, and relating to the same parties and same subject-matter, are parts of the same contract, and should be considered as such in ascertaining the terms of the contract. * * * A general custom of the insurance company not to treat policies as forfeited by nonpayment of premium notes at maturity, and the reliance of the assured upon this practice, was pleaded by appellee. The establishment of such a custom could not have the effect to overturn or supersede the written terms of the particular contract entered into by the parties. By the terms of the contract sued upon, the company was not bound by any such custom, and the proof of it did not tend to show liability." Union Central Life Ins. Co. v. Chowning, 8 Tex. Civ. App. 460, 28 S. W. 119.

See, also, Southland Life Insurance Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989; Duncan v. United Mutual Fire Insurance Co., 113 Tex. 305, 254 S. W. 1101; Thomas et al. v. North River Ins. Co. (Tex. Com. App.) 277 S. W. 1041; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335, 23 S. Ct. 126, 47 L. Ed. 204; Thompson v. Knickerbocker Life Ins. Co., 104 U. S. 252, 26 L. Ed. 765.

Neither the policy nor the notes provided that appellant should give appellee notice of the approaching due dates of the notes, or that the notes were past due. In our opinion, the testimony is insufficient to disclose that appellant's general custom was to give such notice to its policy holders, and is not sufficient to reveal such a course of dealing between appellant and appellee as creates an equitable estoppel against appellant, which abrogates the suspension clause of the insurance contract.

The judgment is reversed, and the cause remanded.