HOME INS. CO. v. BENNETT. (No. 2168.)

Court of Civil Appeals of Texas. El Paso. Sept. 13, 1928.

Rehearing Denied Oct. 4, 1928.

Thompson, Knight, Baker & Harris, of Dallas, and Bledsoe & Crenshaw, of Lubbock, for plaintiff in error.

Garland & Yonge, of Lamesa, for defendant in error.

WALTHALL, J. A. M. Bennett on March 24, 1927, brought this suit in the district court of Dawson county against the Home Insurance Company to recover on an insurance policy issued to the assured, named in the policy to be J. K. Shumake and Commercial Credit Company, Inc., insuring them against direct loss by fire of a Chrysler automobile. The following facts are alleged and uncontroverted by the evidence: The policy of insurance was issued by appellant. The term of the policy of insurance was for one year from the 4th day of April, 1925. On the 24th of October, 1925, and while Shumake was the owner of the said automobile, the automobile was totally destroyed by fire. At the time of the loss Shumake was indebted to the Commercial Credit Company in the sum of $754.68, and said insurance policy was made to be adjusted with purchaser, though payable to the assured as the interests of the assured might appear, subject to all conditions of the policy.

The policy recites the list price of the automobile to be $1,395, and its actual cost to assured, including equipment, to be $1,615. The policy provides against liability of the company beyond the actual cash value of the property at the time of loss, and as part of the consideration of the policy a monthly reduction of 2 per cent. of the insurance of its original amount during the entire coverage period of the policy remaining in force on the date of loss. The policy provides that in the event of loss the assured shall forth-with give notice thereof in writing to the company, and within 60 days after loss render a sworn statement of the loss and the interests of the assured in the property, and that the loss shall in no event be payable until 60 days after the notice received by the company.

The policy provides that no suit or action on the policy for recovery of any claim under the policy shall be sustainable unless the assured shall have complied with the foregoing requirements, subject to the conditions stated in the policy; the amount of insurance is stated in the policy to be $1,256.

On March 2, 1927, J. K. Shumake assigned to plaintiff Bennett all his right, title, and interest in the policy. Bennett sued for $1,400, alleging that sum to be the amount of his claim or debt owing him by the defendant insurance company. Bennett made the Commercial Credit Company a party defendant and as to it alleged, substantially, that at the time of the loss Shumake was indebted to that company $754.68, and that said policy was payable to it as its interest might apear, and that, without the consent of Shumake, the Commercial Credit Company had received from the insurance company the sum of money claimed to have been due it, and without the consent of Shumake had released the insurance company from any further obligation under the policy, and alleged that the Commercial Credit Company thereby became liable to plaintiff for the difference between the amount received by it and the loss, which he alleges to be $645.32.

The petition alleges that due notice of loss was given to the insurer, which we will consider later.

The Home Insurance Company answered that the suit was prematurely brought, in that the notice and proof of loss as provided by the policy had not been given, and further that the matter in controversy as alleged in the petition amounts in value to less than $500, to wit, the sum of $326, and that the district court was without jurisdiction, and that plaintiff had falsely alleged the amount in controversy to be $645.32, knowing same to be untrue and excessive for the fraudulent purpose of giving the court jurisdiction.

The Commercial Credit Company answered substantially as did the insurance company as to the jurisdiction of the court.

Plaintiff by supplemental petition pleaded general denial, and further that he complied with the terms of the policy as to notice, and further that the insurance company, by reason of the matters, waived notice of loss.

The case was tried without a jury, and judgment entered overruling the insurance company's plea to the jurisdiction and its plea in abatement, heard the evidence, and entered judgment for plaintiff and against the insurance company for the debt and in-

terest to the date of the judgment in the sum of $375.52, and interest from the date of the judgment at the rate of 6 per cent. per annum, and judgment in favor of the Commercial Credit Company.

The insurance company excepted, filed assignments of error, and has perfected its appeal by writ of error.

### Opinion.

Plaintiff in error presents the following propositions:

"1. Where suit is upon a written instrument the limit of whose obligation to all parties is $1,080.16, and the plaintiff alleges that $754.68 has already been paid out on it to a person first entitled to payment under it, leaving only $325.48 as the amount in controversy, it is error to refuse a plea to the jurisdiction of the district court.

"2. A suit is premature where it is filed prior to the expiration of the time named in a policy following the making of proofs of loss.

"3. No presumption arises relative to the receipt by the addressee of a letter, unless the evidence shows that such letter, properly addressed, was deposited in the mails with sufficient postage on it.

"4. A presumption relative to the receipt of a letter is entirely overcome by the testimony of the addressee that it was not received.

"5. Since, as to principal, the plaintiff in error's maximum liability could be no more than $325.48, and under no theory of the plaintiff could interest in the amount of $50.04 be chargeable thereon, a judgment for $375.52 is excessive."

■■ The plain provisions of the policy cannot be evaded by a failure of Shumake to read it, as insisted by appellee, unless he was prevented from doing so, which is not sufficiently made to appear by the evidence. National Life & Accident Ins. Co. v. Sikes et al. (Tex. Civ. App.) 7 S.W.(2d) 154; Texas State Mutual Fire Ins. Co. v. Law (Tex. Civ. App.) 3 S.W.(2d) 505. So that, applying the 2 per cent. monthly reduction clause provided in the policy for the term expiring between the date of the policy and the date of the loss, the maximum amount insured by the policy at the loss would be 86 per cent. of $1,256, which is $1,080.16. Of that amount the record shows that appellant paid to the Commercial Credit Company the sum of $754.68, thus leaving the balance of the unpaid amount of the principal due, the sum of $325.48. However, the fact that the full item of $645.32 sued for could not be recovered does not necessarily of itself deprive the district court of jurisdiction. Star Mill & Elevator Co. v. Sale (Tex. Civ. App.) 145 S. W. 1037. The evidence, we think, sustains the court's finding on the plea to the jurisdiction of the court.

■ The second proposition, that the suit was prematurely brought, cannot be sustained. The policy provides that in the event of loss "the assured" shall give notice thereof in writing within 60 days after loss; that the loss shall not become payable until 60 days after notice of loss; that no suit or action on the policy shall be sustainable unless the assured shall have fully complied with all of the requirements of the policy. The assured named in the policy are J. K. Shumake and the Commercial Credit Company.

We will omit any discussion of the effort of Shumake himself to give the notice of loss.

The record shows a letter from Denny D. McLarry, general agent of appellant, Dallas, Tex., of date November 5, 1925, to J. K. Shumake, Lamesa, Tex., substantially as follows:

"The Home Insurance Company Policy 757907. Yourself and Commercial Credit Co. Total Fire Oct. 24, 1925. Under date of October 30th, the Commercial Credit Company sent us copy of your wire to them stating that your car had burned on October 24th and we are enclosing herewith loss report and questionnaire which we ask that you complete in detail and return to us by early mail. We are enclosing envelope for the return of these papers. In the meantime we are referring the loss to the Bates Adjustment Company at Lubbock, whose Mr. H. C. Nelms will get in touch with you promptly with a view of advising when he can visit Lamesa and make adjustment of the loss.

"Yours very truly,
[Signed] D. D. McLarry,
"General Agent."

Without quoting the evidence, it is made to appear from the uncontroverted evidence that Nelms went to Lamesa and inspected the remains of the burned car. The car was totally destroyed by fire. Nelms refused to settle with Shumake, as Shumake refused to sign some paper Nelms wanted him to sign. The character of the paper is not made clear, but it seems from the evidence it was some kind of waiver. The evidence shows that Shumake owned the car and had paid the full value less the amount due the Commercial Credit Company as stated. The time Nelms was in Lamesa, as above stated, was between the middle of December and the middle of January, 1926. Nelms did not request Shumake to submit to a sworn examination as to the cause of the fire. He said to Shumake that he "had been 'out at the car and would recommend a total loss." The cause of the fire is shown to be unknown.

Leo Kling, assistant to the general adjuster, and assistant general adjuster of appellant insurance company, testified by deposition to the effect that he had charge of the automobile loss department; checked automobile proofs of loss, forwarded same to the company's field men when received, received and inspected all proofs of loss made on account of losses under automobile policies, and supervised the entry and record of all matters pertaining to such losses. He was unable to say of his own recollection that he

received from A. M. Bennett or any other person a proof of loss on the property in question, and has been unable to find such proof among the files and records in the office. And further said:

"If such a proof had come to my hands, it would have been at once forwarded to D. D. McLarry, general agent of the Home Insurance Company, at Dallas, Tex. I did, however, receive one from Commercial Credit Company. * * * I did receive proof of loss under said policy from Commercial Credit Company, Inc., which came to the home office through the office of General Agent D. D. McLarry, at Dallas. Other than that, to the best of my recollection, I have not received any proof of loss whatsoever. * * * The Home Insurance Company has paid to Commercial Credit Company, Inc., to which any loss under said policy was expressly made payable by the terms thereof, the sum of $754.68."

Without further stating the evidence, it shows that appellant received the notice of loss from the Commercial Credit Company on November 1, 1925, and received the formal proof of loss as above on March 2, 1926.

From the above it is clear that appellant had notice that the car in question had been destroyed by fire, as early as the 1st of November, 1925, and in the latter part of December of that year, or early in January, 1926, and in response to such notice sent its adjuster to Lamesa to investigate the circumstances and extent of the loss, and that the adjuster did investigate and see the destroyed car and said to Shumake that he would recommend a total loss. It does not appear that any other fact required by formal proof of loss, material to appellant's defense, existed; hence, as said by the Fort Worth Court of Appeals in Continental Ins. Co. of New York v. Nabors, 6 S.W.(2d) 151, 155:

"The actual knowledge of the adjuster, which must be imputed to the company, rendered formal proof of loss an idle ceremony."

Also it might be added that appellant had formal proof of loss from the Commercial Credit Company, one of the assured in the policy, and acted upon such knowledge as it had in paying that company the amount due it, on February 2, 1926. The suit was filed March 24, 1927.

It is insisted that the court erred in the amount of the allowance of interest. That contention must be sustained. The only doubt we have is as to the date from which to allow interest. The loss being total, was a liquidated demand, and interest on the $325.48, the amount due Shumake, the company having denied liability and refused to pay Shumake any amount of his claim, the interest at the rate of 6 per cent. on his claim would, we think, run from the date of the fire; that is, from October 24, 1925. Great

American Ins. Co. v. D. W. Ray & Son (Tex. Civ. App.) 4 S.W.(2d) 88, and cases cited. The judgment should have been for the sum of $366.92, principal and interest, and thereafter as in the judgment.

With the judgment reformed as to the amount as above, it is affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

In its motion for rehearing plaintiff in error, among other matters complained of, insists that we are in error in allowing interest on the claim from the date of the fire totally destroying the automobile, instead of allowing interest from 60 days from the date of notice of the loss. We have concluded that we were in error in so holding. Fire Association of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447; Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779. .

As stated in the original opinion, the policy of insurance having provided that the loss shall not become payable until 60 days after notice of loss, the terms of the policy would fix the liability of the insurance company, and interest would be computed on the claim of $325.48, beginning 60 days after November 1, 1925, that is, from January 1, 1926, instead of from October 24, 1925. The judgment should have been entered for $363.12, principal and interest, and thereafter interest as in the judgment.

The motion is granted, and the opinion is reformed as above, and the motion in all other respects is overruled.